Filed 3/2/22  P. v. Cooc CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092833 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F00144) |
| v. | |
| JIMMY CHI COOC, | |
| Defendant and Appellant. | |

In 2005, a jury found defendant Jimmy Chi Cooc guilty of first degree murder and found true he was a principal in the crime and one of the principals in the crime was armed with a firearm.  Defendant appeals the denial of his petition for resentencing pursuant to Penal Code section 1170.95, arguing the trial court improperly conducted a factual analysis at the prima facie stage.[1]  The Attorney General concedes the error.  We reverse and direct the trial court to issue an order to show cause under section 1170.95, subdivision (c).

---

[1]  Unspecified statutory references are to the Penal Code.

1

# I. BACKGROUND

## A.     *Statement of Facts*

The facts of this crime are complex.  In light of the current procedural stage and the Attorney General's concession, however, we provide only an abbreviated version of the facts from our prior unpublished opinion.  (*People v. Ly et al.* (Sept. 23, 2008, C052280) [nonpub. opn.] (*Ly*).)

"On a December night just before Christmas, Matthew Seivert was lured to Tahoe Park in Sacramento by his ex-girlfriend, Nicole Carroll.  As the couple talked on a park bench, a group of 12 youths in three separate cars waited stealthily to attack him.  When Seivert got into his car and attempted to leave, the youths blocked his exit and one of them shot him to death.  [¶]  Carroll and four members of the group were charged with the murder. . . .  [At trial,] the jury heard evidence of a conspiracy to 'jump' Seivert because he had made racial slurs about Asians."  (*Ly, supra*, C052280.)  The evidence demonstrated defendant and the man who actually shot Seivert both got out of their respective cars with guns drawn during the altercation.  (*Ibid.*)

The jury found defendant guilty of first degree murder.  (§ 187.)  It also found defendant was a principal in the murder and one or more principals were armed with a firearm.  (§ 12022, subd. (a)(1).)  The jury convicted the other three accomplices of first degree murder.  (*Ly, supra*, C052280.)  Further, the jury found the man who shot Seivert guilty of first degree murder and found true the special circumstances allegation he committed the murder by lying in wait.  (*Ibid.*)

We affirmed the conviction on direct appeal.  (*Ly, supra*, C052280.)  In our ruling, we noted despite the fact the jury was instructed on felony murder under CALJIC No. 8.51, the verdict of first degree murder against the four accomplices (including defendant) and the lying in wait special circumstances found against the actual killer, "render[ed] it virtually certain that the jury did not arrive at a murder verdict by using the felony-murder rule."  (*Ly, supra*, C052280.)  We rejected defendant's argument the jury

was not fully instructed on the natural and probable consequences theory of murder because that theory was not relevant to the case. (*Ibid.*) We reasoned that once the jury found the killer committed the murder by lying in wait, that evidence demonstrated all of the accomplices were lying in wait. (*Ibid*.) Because all murder committed by lying in wait is first degree, this was the only crime the jury could have found the accomplices committed. (*Ibid*.)

B.     *Petition for Habeas Corpus*

In 2017, defendant brought a petition for habeas corpus contending he could not be convicted of first degree murder based on the natural and probable consequences doctrine under *People v. Chiu* (2014) 59 Cal.4th 155.

The trial court granted the habeas petition. The prosecution moved to reduce the charge to second degree murder. The trial court resentenced defendant to a term of 15 years to life plus one year for the enhancement under section 12022, subdivision (a)(1).

C.     *Petition for Resentencing Under Section 1170.95*

In 2019, defendant filed a petition under Senate Bill No. 1437 (2017-2018 Reg. Sess.) and section 1170.95 to have his murder conviction vacated and to be resentenced. Defendant's section 1170.95 petition declared he met the requirements for relief, specifically, that: (1) the complaint, information, or indictment filed against him allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189, effective January 1, 2019. Defendant also requested the court appoint him counsel. The court appointed counsel for defendant and the parties briefed what should be done with the petition.

Without ruling whether defendant had established a prima facie case for entitlement to resentencing, issuing an order to show cause, or holding an evidentiary

3

hearing, the trial court denied the petition. In making its decision, the trial court examined our prior opinion in detail. The court paid particular attention to our discussion regarding the likelihood the trial court's instruction to the jury on felony murder was irrelevant (CALJIC No. 8.51) and the failure of the trial court to instruct the jury on the natural and probable consequences doctrine. The trial court reviewed the evidence presented at trial as disclosed in our prior opinion and found, "a jury 'could' conclude at a trial that [defendant's getting out of a car with a gun] showed, beyond a reasonable doubt, that defendant acted with express malice aforethought, and directly aided and abetted a first degree lying in wait murder with the intent to kill." (Underlining omitted.) As a result, the trial court found defendant failed to show he was eligible for relief under section 1170.95.

## II. DISCUSSION

Defendant argues the trial court erred when it engaged in judicial factfinding at the prima facie stage of the petition process and used the wrong standard in making its decision. The Attorney General concedes defendant made a prima facie showing and the trial court's denial of the petition at the prima facie stage was improper because the record of conviction fails to prove beyond a reasonable doubt defendant is ineligible for relief as a matter of law. We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added a petition process under section 1170.95, that allows those convicted of felony murder or murder under a natural and probable consequences theory to file a petition to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts. (§ 1170.95, subd. (a).)

4

Upon receipt of the petition, the trial court must appoint defendant counsel if requested, take briefing from the parties, and then determine whether the petitioner makes a prima facie showing he or she is entitled to relief. (§ 1170.95, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 960-961 (*Lewis*).)[2] In performing this initial screening, the court should accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra,* at p. 974.) Courts, however, may "rely on the record of conviction in determining whether that single prima facie showing is made." (*Id.* at p. 970.) Thus, if the record of conviction establishes the petition lacks merit as a matter of law, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971.) If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95, subdivision (a), then the trial court must issue an order to show cause. (§ 1170.95, subd. (c); *Lewis, supra,* at p. 971.)

Here, defendant filed a facially sufficient petition alleging the essential facts required for relief under section 1170.95, subdivision (a). The trial court appointed counsel for defendant and received briefing from the parties. The trial court's decision points to nothing in the record of conviction that demonstrates defendant is ineligible for resentencing as a matter of law. Rather, the court relied on our 2008 opinion's discussion regarding the effect of the jury instructions and recitation of the evidence to make factual

---

[2] Defendant filed his original briefing prior to the Supreme Court's decision in *Lewis, supra,* 11 Cal.5th 952. In supplemental briefing and in light of *Lewis*'s holding, both defendant and the Attorney General agree this case should be remanded to the trial court for further proceedings under 1170.95, subdivision (d)(3). As noted in the body of this opinion, we agree. In his supplemental briefing, defendant also asserts the court failed to appoint counsel for him prior to denying his petition. This latter claim is factually incorrect. The court properly appointed counsel for defendant as he requested prior to ruling on his petition.

findings.  Factfinding was not permissible at this stage of the proceedings.  (*Lewis*, *supra*, 11 Cal.5th at p. 974; § 1170.95, subd. (c).)  We reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing under section 1170.95, subdivision (d).  We express no opinion about whether defendant is entitled to relief following the hearing.

## III.  DISPOSITION

The trial court's order is reversed and the matter is remanded for further proceedings.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

DUARTE, J.